EVELINE GOODWIN *vs.* DANIEL RICE and Wife.

March 27, 1879.

**Legislative Grant of Swamp Lands—Deficiency.**—An act approved March 7, 1862, (Sp. Laws 1862, c. 56,) designated F. B. & R. to survey, locate and construct a state road from Madelia to the western boundary of the state, and appropriated 10,000 acres of swamp lands of the state, "to be selected within six miles on either side of said road as located," and conveyed to them, upon the work being done, no provision being made for the case of there being less than 10,000 acres of swamp lands within the six miles. *Held*, there being less than 10,000 acres within the six miles, there was no claim upon the state for the deficiency.

**Grant of Interest in Quantity of Land—Covenant to Convey.**—Before the work was done, F. granted to G. so much of his interest in the 10,000 acres granted by the act of 1862, as would amount to 800 acres, and covenanted to convey to her, her heirs or assigns, said 800 acres, to be fairly set apart by him, as soon as conveniently might be, after he should obtain title in severalty to the portion of said lands coming to him under such act. *Held*, that this entitled G. to 800 acres of his portion of the lands granted, although such portion might be less than one-third of 10,000 acres.

**Same—Assignee of Covenantor, a Trustee.**—F., having acquired the interests of B. and R., assigned the whole, reserving the 800 acres sold to G., to defendant, who, upon the road being completed, obtained from the state a conveyance to him of all the swamp lands within the limits prescribed by the act of 1862, there being only 4,568 71-100 acres, instead of 10,000 acres. *Held*, 1. That upon obtaining conveyance of all the lands to himself, defendant became a trustee for G. to the extent of her interest, and she is entitled to a conveyance from him of 800 acres of said lands.

Same—Performance of Conditions by Covenantee—Payment of Taxes.—2. That she is entitled to a judgment for such conveyance, or vesting the title in her, only upon her repaying to defendant her proportion of the taxes on the lands paid by him prior to a demand by her and refusal by him to set apart and convey the 800 acres to her, and that he has no claim upon her for taxes paid by him after such demand and refusal.

Appeal by defendants from an order of the district court for Ramsey county, refusing a new trial, after trial before *Brill,* J., without a jury.

*H. J. Horn,* for appellants.

*Palmer & Bell,* for respondent.

GILFILLAN, C. J.  By an act approved March 7, 1862, (Sp. Laws 1862, *c.* 56,) the legislature designated J. B. Fish, R. H. Bennett and S. R. Randolph, commissioners to survey, locate and construct a state road from Madelia, in Watonwan county, to the western boundary of the state, and, to facilitate the construction thereof, appropriated 10,000 acres of swamp lands of the state, "to be selected within six miles on either side of said road as located," and to be conveyed by the state to the commissioners, upon the work being done, and copies of the field notes and maps filed as therein directed, within two years from the first meeting of the commissioners, which was to be on or before the first day of April, 1862.

Although the act is very awkwardly expressed to that end, it seems to have been regarded, both by the legislature and the persons named, as a contract by which the state granted, or agreed to grant, the lands to them, as compensation for surveying, locating and constructing the road.  The understanding of the legislature is shown by an act passed February 28, 1866. (Sp. Laws 1866, *c.* 111.)  As the effect of the act of 1862 upon the point is made a question in the case, we hold that the act was not a grant of, or offer to grant, just 10,000 acres of land, but of so much of the swamp lands lying within the prescribed limits as would amount to 10,000 acres, so that if there was not that quantity within these limits, the parties would take only what there was, and would

have no claim upon the state for lands lying elsewhere to make up the deficiency.

In March, 1863, Fish granted to plaintiff so much of his interest in the 10,000 acres appropriated by the act of 1862, as would amount to 800 acres, and covenanted to convey to her, her heirs or assigns, said 800 acres, to be fairly set apart by him as soon as conveniently might be after he should obtain title in severalty to the portion of said lands coming to him under said act. In December, 1863, Randolph assigned his interest in the grant to Bennett. In April, 1867, Bennett assigned all his interest to Fish, and in May, 1867, Fish assigned to defendant all his interest, "excepting and reserving therefrom," as stated in the instrument of assignment, "1,000 acres sold to B. P. Hinman of Cincinnati, Ohio; 800 acres sold to Mrs. E. M. Goodwin of New York City, and 480 acres reserved to R. H. Bennett." Afterwards, before the conveyance by the state, Rice became possessed of the interests reserved to Hinman and Bennett.

In 1873, the requirements of the acts of 1862 and 1866 having been fully complied with, Rice procured from the state a conveyance to him of all the lands coming within the terms of the act of 1862, amounting to 4,568 71-100 acres. This conveyance exhausted the grant.

Upon this state of facts, we cannot see any doubt that plaintiff is entitled to call upon defendant for the 800 acres. Had Fish, Bennett and Randolph each retained his interest in the grant, assuming it to have been, as is conceded, one-third each in the lands appropriated, neither of them could have procured a conveyance to himself of all the lands, and held them or any part of them to the exclusion of the others. Even if the act of 1862 were to be construed, as claimed by defendant, as a contract on the part of the state to grant them 10,000 acres of land, the state to make up the difference with lands elsewhere, if that quantity could not be found within the prescribed limits, neither of them could, without the consent of the others, appropriate to himself the lands

lying within the designated limits, leaving to the others only a claim against the state for the deficiency. To prevent fraud, the law would treat either of them, procuring, without such consent, a conveyance to himself alone, as a trustee for the others, in equal shares with himself. As neither could withhold from another his share of the lands, of course he could not withhold it from the assignee of such other. Plaintiff is entitled to call for what was assigned to her by Fish, as he would have been entitled to call for his one-third had he not assigned.

The defendant claims that by the assignment from Fish plaintiff was not to have the 800 acres until Fish obtained his full share or third of 10,000 acres, so that if he never obtained a full one-third of 10,000 acres, she never would get any lands under the assignment; or that, at any rate, what she is entitled to of the 4,568 71–100 acres should not exceed the ratio which 800 bears to one-third of 10,000. The assignment does not sustain either of these propositions. It grants to plaintiff "so much of my interest in the grant of 10,000 acres of swamp lands appropriated by the state of Minnesota, under the act," etc., giving its title, "as will amount to 800 acres of said lands," and covenants to convey to her "the said 800 acres of land, to be fairly set apart by me, as soon as conveniently may be, after I shall obtain title in severalty to the portion of said swamp lands coming to me under said act." She was to receive 800 acres out of his portion, whatever that portion might amount to. So far as concerns the plaintiff's right to a conveyance of 800 acres of the lands conveyed by the state to the defendant, the decision of the court below was correct.

As to defendant's right to reimbursement for taxes on the land which he claims to have paid, there is a distinction between those paid before plaintiff's demand on him for a conveyance, and those paid after such demand. The right to reimbursement does not depend on the character of plain-

tiff's interests, whether that of a cotenant, or of a vendee under an executory agreement to convey. The plaintiff seeks equity, and, to obtain it, she must do whatever is equitable and just. Under ordinary circumstances, two persons being interested in the same property, each ought to contribute to its burdens in proportion to his interest; and if one necessarily discharges the entire burden, the other ought to repay him for his share. The plaintiff and defendant were in this position while the lands with their mutual consent remained undivided—that is, while the condition of things which made it necessary for defendant to pay the taxes on all the lands without distinction, existed by their acquiescence. She certainly ought to bear her share of the taxes paid during that time. When, however, the condition of things which rendered it impossible for him, in paying the taxes, to pay upon his interest alone, and leave her to pay upon hers, existed not through any act or consent on her part, but solely because of his wrongful act—his wrongful refusal to set apart and convey to her the lands to which she was entitled—he has no equity for repayment of any part of the taxes paid under the necessity thus due to his own wrong.

Our conclusion is that the judgment ought to require of plaintiff, as a condition precedent to vesting in her the title to the 800 acres, to be selected in the manner directed in the decision of the court below, that she repay to defendant her proportion of the taxes paid by him upon all the lands prior to the demand proved on the trial of the action, with interest on such proportion from the respective dates of payment of such taxes; such proportion to be to the taxes paid, as 800 to 4,568. And the order refusing a new trial is modified, so as to grant a new trial to the extent only of ascertaining the date of the demand by plaintiff for a conveyance proved on the former trial, and the amount of taxes paid on the lands by defendant prior to that date. Such new trial as to those matters to be by the court without a jury, or a referee, as the

court below may determine. And after those matters shall be ascertained, the direction for judgment of the court below, in its decision upon the former trial, is to be modified to accord with the views herein expressed.